HERMAN PISTORIUS v. OTTO STEMPEL, JUSTICE, AND THE MAYOR OF SAGINAW, AND CHARLES F. ALDERTON v. WILLIAM BINDER, CONTROLLER, AND THE MAYOR OF SAGINAW.

[Two cases.]

*Constitutional law—Act consolidating the two Saginaws—Mandamus—Interest of private relator.*

1. On the merits of the main controversy, the cases are governed by the decision in *Smith v. Mayor and Common Council of the City of Saginaw, ante* 123, holding Act No. 455, Local Acts of 1889, consolidating the cities of Saginaw and East Saginaw into one municipality, constitutional.
2. On the refusal of the proper officer to file a chattel mortgage, and of a justice of the peace to issue an execution, the mortgagee and judgment creditor have such a special interest as entitles them to apply for *mandamus* to compel such action on the part of said officers

*Mandamus.* Submitted April 15, 1890. Denied June 6, 1890.

Relators applied for *mandamus* to compel the issuance

of an execution upon a justice's judgment, and the receiving and filing of a chattel mortgage. The facts are stated in the opinion.

*Charles S. Smith,* for relators.

*L. C. Holden (Benton Hanchett* and *W. L. Webber,* of counsel), for respondents.

GRANT, J. The two above-entitled causes were brought to this Court by petitions for *mandamus,* and involve the same issues as those in the case of *Smith v. Mayor, etc., of the City of Saginaw, ante,* 123, and on the merits of the main controversy are governed by that decision, the act of consolidation being held to be valid.

Alderton, the owner of the chattel mortgage, presented the same to the respondent Binder, who was the controller of the former city of Saginaw before the consolidation, and asked him to receive and file the same. This respondent refused to so do, giving as his reason therefor that Act No. 455, Local Acts of 1889, had terminated his office, and he was no longer custodian of such mortgages, and that all the mortgages which had theretofore been in his possession and custody as controller had been transferred to the proper officer under the new corporation.

Pistorius had a judgment rendered in his favor by respondent Stempel, a justice of the peace of the former city of Saginaw, and applied to him for an execution. Respondent refused to issue the execution, saying that his successor had been duly elected and had qualified under the act of 1889, and that he had no further authority to act.

While it is true that these relators have such special interest as entitled them to apply for the writ, yet it is equally true that they have made no case showing that

their rights or interests are in any manner prejudiced or affected. By the act of 1889, the city clerk is made the custodian of chattel mortgages. Respondent Binder acquiesced in the election held under the new charter on March 3, 1890, and turned over his office, with its contents, to the city clerk. Alderton of course knew this, and all his rights would have been protected by filing his mortgage with the city clerk. Respondent Stempel also acquiesced in the result of the election, and informed relator Pistorius that his successor had been elected and had duly qualified. Knowing this, it was the duty of Stempel, under How. Stat. § 7062, to forthwith deliver over to such successor all the books and papers relating to his office.

If, however the act of consolidation failed to make any provision designating which one of the newly-elected justices was his successor, he should have delivered his books and papers to the city clerk, who would have delivered them over to some other justice of the city. How. Stat. §§ 7063–7065. The relators, therefore, have no real interest to be subserved by the issuing of the writ. Their applications were evidently made for the sole purpose of testing the validity of the act of incorporation consolidating the two cities. The issuing of the writ is discretionary, and will only be granted to secure or protect substantial rights. Neither of the respondents is here claiming the right to the office, or contesting the right of another person to hold and enjoy it. When either of them, by the proper proceeding, raises that question, it will be time to consider it.

The writ must be denied, with costs.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. CAHILL, J., did not sit.